CHICAGO TIRE & SPRING WORKS CO. *v.* SPAULDING, Collector.

*(Circuit Court, N. D. Illinois.* January 22, 1884.)

CUSTOMS DUTIES—TIRE BLOOMS—STEEL PARTLY MANUFACTURED.
    *Held,* that certain steel-tire blooms which had gone through several stages in the process of manufacture, were dutiable at 45 per cent. as "articles of steel partially manufactured," and could not be classified as "steel not otherwise provided for," the duty upon which is only 30 per cent.

At Law.
*Storck & Schumann,* for plaintiff.
*Gen. Joseph B. Leake,* Dist. Atty., for defendant.

BLODGETT, J. This is a suit to recover duties claimed by the plaintiffs to have been illegally charged upon certain steel-tire blooms imported by plaintiff. The inspector of customs classed these blooms under the paragraph of schedule E, § 2504, which reads as follows:

"All manufacturers of steel, or of which steel shall be a component part, not otherwise provided for, forty-five per cent. *ad valorem.* But all articles of steel *partially* manufactured, or of which steel shall be a component, not otherwise provided for, shall pay the same rate of duty as if wholly manufactured."

The plaintiffs insist that they should have been classed under another paragraph of schedule E, as "steel in any form, not otherwise provided for, thirty per cent. *ad valorem.*" Payment of the duties demanded was made by plaintiff and appeal taken to the secretary of the treasury, who affirmed the action of the customs officer here. The proof shows that the steel-tire blooms in question are produced by first casting a flat round ingot of steel somewhat in the shape of a cheese, or grindstone with no hole through the center. It is then reheated and hammered so as to reduce its thickness, thereby compacting its grain or fiber; a hole is swaged through its center and it is then hammered on the horn or beak of an anvil, thereby expanding its circumferance and forming a grain or fiber in the circumferential direction, and when intended for locomotive tires the rudiments of a flange are formed or swaged also upon the outer periphery of the circle. In this form these blooms are ready for rolling, and are im-

ported at this stage of development. On arriving in this country they are reheated and placed in the rolling-machine, where they are rolled or spun into the size and shape adapting them for use for tires for locomotive driving wheels or car wheels, and, after being rolled, the inner and outer surfaces are turned and finished in a lathe. It seems quite plain to me that when imported these blooms had passed through an important stage in the progress of manufacture into steel tires. They were something more than ingots of steel or plain steel blooms or bars. In the first place, the ingots were cast in a peculiar shape, and the work which had been expended on them to bring them from the ingot stage to tire blooms is shown, by the proof, to have been equal to $10 or $15 per ton, and it was all work for the specific purpose of making them into steel tires and nothing else. The particular use to which they were to be applied was indicated from the first by the shape in which these steel ingots were cast; the work done not only fitted them for this specific use but it unfitted them, in a degree, for any other use, and hence I conclude that these steel-tire blooms were articles of steel partially manufactured. To use these blooms for any other purpose, it would undoubtedly have been necessary to undo much of the work which had been done upon them. I am therefore of opinion that the duty in this case was rightfully charged.

The case of *Downing* v. *Robertson,* unreported, in the Southern district of New York, referred to by complainant's attorney on the trial, involved the duties on plain steel blooms where the ingot had been brought into the shape of planks or slabs by hammering or rolling and from which railroad bars or bar steel could readily be rolled, and at the stage where they could be and were readily adaptable to any other use for which steel was needed. This case, therefore, does not seem to me at all in point for the purpose of settling the question in these cases.

The issue must be found in this case for the defendant.